ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| FIDEICOMISO CRESPO SANTIAGO REPRESENTADO POR SU FIDUCIARIA ARLENE SANTIAGO VELÁZQUEZ<br><br>Parte Recurrida<br><br>v.<br><br>KELLY GUTIÉRREZ DEL ARROYO VARGAS Y OTROS<br><br>Parte Peticionaria | KLAN202301139 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV05212<br><br>Sobre: Daños, Incumplimiento de Contrato, Enriquecimiento Injusto |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece el Fideicomiso Crespo Santiago, representado por su Fiduciaria Arlene Santiago Velázquez (Fideicomiso Crespo-Santiago o parte apelante), mediante recurso de *Apelación*, y nos solicita que revoquemos la *Sentencia* emitida el 17 de octubre de 2023, notificada el 18 de octubre de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el referido dictamen, el foro primario desestimó la *Demanda* presentada por el Fideicomiso Crespo-Santiago, en virtud de la Regla 4.3(c) de las de Procedimiento Civil. En específico, el foro apelado desestimó, *sin perjuicio*, en cuanto al Sr. Eliezer Crespo Quiñones y el Fideicomiso Crespo- Quiñones (Fideicomiso Crespo-Quiñones) y *con perjuicio* en cuanto a la Sra. Kelly Gutiérrez del Arroyo (Sra. Gutiérrez del Arroyo o parte apelada).

Evaluados los autos del caso, a la luz del derecho aplicable, confirmamos la *Sentencia* apelada.

**I.**

De entrada, adelantamos que el presente recurso forma parte de una secuela de varios pleitos instados ante el foro primario.[1] A modo de referencia, y para facilitar la comprensión de los hechos que motivaron el recurso ante nuestra consideración, tomamos conocimiento judicial de los casos previamente instados y hacemos un breve recuento de estos, en tanto sean pertinentes para facilitar la comprensión del presente recurso.

A.
*Demanda sobre Desahucio*
*SJ2019CV02123*

El 4 de marzo de 2019, el Fideicomiso Crespo-Santiago presentó una *Demanda* sobre desahucio en contra del Sr. Oscar Crespo Quiñones y la Sra. Kelly Gutiérrez Del Arroyo **(SJ2019CV02123)**.[2] El 2 de mayo de 2019, el Sr. Eliezer Crespo Quiñones y la Sra. Gutiérrez del Arroyo, mediante un *Acuerdo Transaccional,* se comprometieron a continuar ocupando la propiedad y a consignar en el Tribunal la cantidad de $2,750.00 dólares mensuales en concepto del uso de la propiedad el cual incluía el pago del mantenimiento del inmueble que ascendía a $527.84 dólares.[3] A su vez, el Fideicomiso Crespo-Santiago se comprometió a no realizar transacción alguna para la enajenación del inmueble hasta tanto el TPI de Ponce dilucidara la titularidad sobre el referido inmueble. Luego de revisar el *Acuerdo Transaccional* de las partes, el 3 de mayo de 2019, el TPI, mediante *Sentencia,* lo declaró Ha Lugar.[4]

---

[1] Se toma conocimiento judicial de los casos: PO2018CV01667, PO2019CV00946, SJ2019CV02123 y SJ2022CV02362.
[2] Apéndice, págs. 3-34.
[3] Apéndice, págs. 35-37.
[4] Apéndice, pág. 38.

**B.**
*Demanda sobre Interdicto*
*SJ2022CV02362*

Posteriormente, el 28 de marzo de 2022, el Fideicomiso Crespo-Santiago presentó una demanda sobre interdicto en contra de la Sra. Gutiérrez Del Arroyo, el Fideicomiso Crespo-Quiñones y el Sr. Eliezer Crespo Quiñones **(SJ2022CV02362)**.[5] Ese mismo día, fueron expedidos los emplazamientos para el Sr. Eliezer Crespo Quiñones, la Sra. Gutiérrez del Arroyo y el Fideicomiso Crespo-Quiñones.[6]

El 30 de marzo de 2022, el TPI emitió una *Sentencia Parcial* en la cual desestimó las causas de acción interdictales ante la ausencia de daños irreparables y entender que el Fideicomiso Crespo-Santiago contaba con remedios adecuados en ley. En consecuencia, ordenó la transferencia de las demás acciones a la sala civil ordinaria correspondiente.[7] El mismo día, el Sr. Eliezer Crespo Quiñones y el Fideicomiso Crespo-Quiñones fueron emplazados personalmente, no así la Sra. Gutiérrez del Arroyo.

El 29 de abril de 2022, el Fideicomiso Crespo-Santiago presentó una *Moción Solicitando Emplazamiento por Edicto* junto a una declaración jurada del emplazador, Elías Vázquez Otero, quien informó sobre las gestiones infructuosas realizadas para emplazar personalmente a la Sra. Gutiérrez del Arroyo.[8] El foro primario autorizó a que se emplazara a la Sra. Gutiérrez del Arroyo por edicto y así lo acreditó la parte demandante mediante *Moción Informativa Sobre Emplazamiento por Edicto*.[9] Así las cosas, el 5 de mayo de

---

[5] Apéndice, págs. 59-64.
[6] Apéndice, págs. 71-74. Véase, además, el Anejo 1 de la *Oposición*.
[7] Apéndice, págs. 65-70.
[8] Apéndice, págs. 75-81.
[9] En lo especifico, informaron que el Sr. Elías Vázquez Otero, emplazador, se personó el 29, 30 y 31 de marzo de 2022 a la dirección física de la Sra. Gutiérrez del Arroyo, Condado Tower, Ave. Ashford 1050 Apt. PH, en San Juan, Puerto Rico. Además, que encontrándose allí, llamó en varias ocasiones a la Sra. Gutiérrez del Arroyo sin obtener respuesta de esta última. Asimismo, explicó que el 31 de marzo de 2022 y el 1 de abril de 2022 realizó nuevamente varias llamadas y envió mensajes de texto al teléfono celular, sin éxito. Que el 1 de abril de 2022, visitó el lugar de trabajo de la Sra. Gutiérrez del Arroyo y que tampoco pudo conseguirla.

2022, el edicto fue publicado en el periódico *El Vocero*. El 7 de mayo de 2022, la Sra. Gutiérrez del Arroyo fue informada de la publicación del edicto con copia de la demanda a su última dirección conocida.[10]

En reacción, la Sra. Gutiérrez del Arroyo compareció, sin someterse a la jurisdicción del TPI, para impugnar el emplazamiento por edicto y la declaración jurada del emplazador. En su comparecencia, adujo que dicha declaración jurada no demostró que se hicieron todos los esfuerzos razonables para emplazarla personalmente. El TPI no avaló la impugnación presentada por la Sra. Gutiérrez del Arroyo, por lo que ésta acudió vía *certiorari*[11] ante este foro apelativo, alegando que el TPI había errado al no dejar sin efecto el emplazamiento por edicto. El 2 de noviembre de 2022, un panel de este Tribunal, emitió sentencia mediante la cual revocó la orden recurrida y devolvió el caso al TPI para que celebrara una vista evidenciaria a los fines de evaluar si las gestiones realizadas por el emplazador fueron suficientes para autorizar el emplazamiento por edicto.

A tenor de ello, el 25 de abril de 2023 el TPI celebró la vista evidenciaria y, mediante *Resolución*[12] emitida el 24 de mayo de 2023, determinó que las gestiones para localizar a la Sra. Gutiérrez del Arroyo resultaron ineficientes para fundamentar la expedición del emplazamiento por edicto. Por lo anterior, el foro primario dejó sin efecto la orden para emplazar por edicto a la Sra. Gutiérrez del Arroyo, y se declaró sin jurisdicción sobre su persona. Por último, el TPI ordenó al Fideicomiso Crespo-Santiago presentar nuevos proyectos de emplazamiento.[13]

---

Que el 3 de abril de 2022, visitó la Hacienda Margarita en Luquillo, residencia de la Sra. Gutiérrez del Arroyo y que no tuvo respuestas. Finalmente, visitó el cuartel de la policía estatal en la calle Bucare y calle Dúrela en San Juan para cotejar si había alguna querella presentada en contra de alguna persona con el nombre de Kelly Gutiérrez del Arroyo, sin embargo, le indicaron que no había querella ni intervención sobre esa persona.
[10] Apéndice, pág. 82.
[11] KLCE202201011.
[12] Apéndice, págs. 83-95.
[13] *Íd.*

En respuesta, el 30 de mayo de 2023, el Fideicomiso Crespo-Santiago presentó una *Moción en Cumplimiento de Orden, Solicitud de Consolidación y Expedición de Emplazamient*o.[14] En primer lugar, adujo que, los codemandados Eliezer Crespo Quiñones y el Fideicomiso Crespo-Quiñones fueron debidamente emplazados. En segundo lugar, arguyó que, debido a que el TPI ordenó la expedición de nuevos emplazamientos dirigidos a la Sra. Gutiérrez del Arroyo, y conforme con lo resuelto por el Tribunal Supremo en *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018), la Sra. Gutiérrez del Arroyo podría oponerse a la expedición de un nuevo emplazamiento. Lo anterior, por el tiempo transcurrido desde la fecha de presentación de la demanda y cuando se le emplazó por edicto. Por ello, el Fideicomiso Crespo-Santiago expuso que, en esa misma fecha, presentaron un nuevo caso con los mismos hechos y partes (SJ2023CV05212).[15] Solicitaron al TPI tomar conocimiento del caso SJ2023CV05212 y que se consolidara con el SJ2022CV02362, que se expidiera un emplazamiento a la codemandada Sra. Gutiérrez del Arroyo y que el Tribunal mantuviera jurisdicción sobre los codemandados Fideicomiso Crespo-Quiñones y el Sr. Eliezer Crespo Quiñones. Por último, informaron que sometieron los proyectos de emplazamiento en el nuevo caso SJ2023CV05212. [16]

Por su parte, el 31 de mayo de 2023, la Sra. Gutiérrez del Arroyo presentó *Escrito en Solicitud de Reconsideración y Solicitud de Desestimación.*[17] En síntesis, ésta solicitó la reconsideración de la *Resolución* emitida por el TPI, alegando que el término de 120 días

---

[14] Apéndice, págs. 101-102.
[15] La causa de acción del SJ2023CV05212 es sobre incumplimiento de contrato, nulidad de escritura y daños y perjuicios. El Fideicomiso Crespo-Santiago acompañó copia de la demanda y del proyecto de emplazamiento dirigido a la Sra. Gutiérrez del Arroyo.
[16] Apéndice, págs. 108-109.
[17] Véase, Entrada Núm. 57 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

para emplazar venció el 25 de julio de 2022 y, en su consecuencia, procedía la desestimación de la causa instada en su contra por falta de jurisdicción.[18] El 1 de junio de 2023, el TPI emitió *Resolución* en la que declaró No Ha Lugar[19] el escrito presentado por la Sra. Gutiérrez del Arroyo y, mediante *Orden* separada, ordenó la expedición del emplazamiento a la Sra. Gutiérrez del Arroyo.[20] En esa misma fecha, fue expedido el referido emplazamiento.

Inconforme, la Sra. Gutiérrez del Arroyo presentó un recurso de *certiorari* ante este Tribunal.[21] En esa ocasión, alegó que el foro de instancia erró al no desestimar la demanda, ya que el emplazamiento no fue diligenciado dentro del término de 120 días. El 18 de julio de 2023, otro panel de este Tribunal expidió el auto de *certiorari*, revocó el dictamen impugnado y desestimó *sin perjuicio* la causa de acción incoada en contra de la Sra. Gutiérrez del Arroyo, por entender que el término para emplazar ya había transcurrido. Añadió que el foro primario solo tenía facultad para desestimar -sin perjuicio- la causa de acción instada en contra de la Sra. Gutiérrez del Arroyo.

Acaecidos numerosos trámites procesales innecesarios pormenorizar, el 21 de marzo de 2024 y notificada el 25 de igual mes y año, el TPI emitió *Sentencia* en la que desestimó sin perjuicio la demanda bajo la Regla 16.1 de Procedimiento Civil-por ser la Sra. Gutiérrez del Arroyo una parte indispensable en el pleito y no haber sido emplazada oportunamente.[22] El Fideicomiso Crespo-Santiago oportunamente presentó solicitud de reconsideración.[23] El 12 de

---

[18] Véase, la entrada Núm. 57 (*Escrito en Solicitud de Reconsideración y Solicitud de Desestimación*), del expediente digital del Caso Núm. SJ2022CV02362 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[19] Véase, la entrada Núm. 59 (*Resolución*), del expediente digital del Caso Núm. SJ2022CV02362 en el SUMAC.

[20] Véase, Entradas Núm. 60 y 61 del expediente digital del Caso Núm. SJ2022CV02362 en el SUMAC.

[21] Véase, el caso KLCE202300692.

[22] Véase, Entrada Núm. 66, *Emplazamiento con diligenciamiento negativo* y *Sentencia Rpc 16.1*, entrada Núm. 90, del expediente digital del Caso Núm. SJ2022CV02362 en SUMAC.

[23] Véase, entrada Núm. 91 en SUMAC.

abril de 2024, el foro primario denegó la reconsideración. Sobre este dictamen, el Fideicomiso Crespo-Santiago no acudió en revisión ante este foro.

C.
*Demanda sobre Incumplimiento de Contrato, Nulidad de Escritura y Daños y Perjuicios*
SJ2023CV05212

Mientras, en relación con el caso **SJ2023CV05212**, presentado el 30 de mayo de 2023, en contra del Fideicomiso Crespo-Quiñones, la Sra. Gutiérrez del Arroyo y del Sr. Eliezer Crespo Quiñones[24], el Fideicomiso Crespo-Santiago presentó tres proyectos de emplazamientos para cada uno de los demandados.[25] Al día siguiente, fueron expedidos los tres emplazamientos (Sra. Gutiérrez del Arroyo, Fideicomiso Crespo-Quiñones y Sr. Eliezer Crespo Quiñones).[26] Luego de varios intentos para emplazar a la Sra. Gutiérrez del Arroyo, el 13 de julio de 2023, la Alguacil Auxiliar, Mildred I. Toro Colón, notificó al TPI un diligenciamiento negativo en el cual explicó que luego de visitar la dirección provista, se recibió una llamada de la Sra. Gutiérrez del Arroyo al Tribunal de Primera Instancia de Fajardo, e informó que se encontraba en Estados Unidos y regresaba posiblemente el mes siguiente.[27]

Posteriormente, el 2 de octubre de 2023, la Sra. Gutiérrez del Arroyo presentó, sin someterse a la jurisdicción del Tribunal, una *Moción Solicitando Desestimación por Falta de Jurisdicción.*[28] En su comparecencia, arguyó que nunca había sido emplazada y que el término para diligenciar el emplazamiento, de 120 días, prescribió el 28 de septiembre de 2023, por lo que procedía la desestimación

---

[24] Apéndice, págs. 96-100.
[25] Véase, la entrada Núm. 1 *(Demanda; Anejos)*, del expediente digital del Caso Núm. SJ2023CV05212 en el SUMAC.
[26] Véase, la entrada Núm. 2 *(Emplazamientos Expedidos)*, del expediente digital del Caso Núm. SJ2023CV05212 en el SUMAC. Nótese que el 1 de junio de 2023, en el pleito SJ2022CV02362, se expidió también un emplazamiento a la Sra. Gutiérrez del Arroyo.
[27] Apéndice, págs. 113-114.
[28] Apéndice, págs. 126-129.

de la demanda, con perjuicio. Ello, por ser la segunda ocasión que el Fideicomiso Crespo-Santiago deja vencer el término para el diligenciamiento de un emplazamiento.

En respuesta, el 3 de octubre de 2023, el Fideicomiso Crespo-Santiago presentó su *Oposición a Desestimación con Perjuicio*.[29] En síntesis, alegaron que se hicieron las gestiones y diligencias pertinentes para emplazar a la Sra. Gutiérrez del Arroyo, sin embargo, no lograron emplazarla. Además, que el Tribunal sí tenía jurisdicción por la sumisión voluntaria de la Sra. Gutiérrez del Arroyo, al ésta haber comparecido por escrito, aún sin someterse a la jurisdicción, realizando argumentaciones orales o escritas sobre los méritos de la suficiencia de la prueba. Por lo anterior, solicitaron al foro primario un término adicional para emplazar por edicto.

El 5 de octubre de 2023, la Sra. Gutiérrez del Arroyo presentó su *Réplica a Oposición a Desestimación con Perjuicio*.[30] Señaló que el término para emplazarla venció el 28 de septiembre de 2023, por lo que la solicitud de oposición a la desestimación era tardía. Además, que el TPI no tenía jurisdicción para conceder término adicional para emplazar por edicto, pues el término ya estaba prescrito. En reacción, el Fideicomiso Crespo-Santiago presentó una *Dúplica a Oposición a Desestimación con Perjuicio*, en la cual reafirmaron todo lo argumentado en la oposición.[31]

Así las cosas, y luego de evaluadas las comparecencias de las partes, junto a los documentos presentados, 17 de octubre de 2023, notificada el 18 de octubre de 2023, el TPI emitió la *Sentencia* apelada.[32] El foro primario puntualizó que los emplazamientos fueron expedidos el 31 de mayo de 2023, por lo cual el término de 120 días para emplazar culminó el 28 de septiembre de 2023. Siendo

---

[29] Apéndice, págs. 142-131.
[30] Véase, la entrada Núm. 7 (*Moción Réplica*), del expediente digital del Caso Núm. SJ2023CV05212 en el SUMAC.
[31] Apéndice, págs. 154-156.
[32] Apéndice, págs.1-2.

así, decretó la desestimación **con perjuicio** de la demanda contra la Sra. Gutiérrez del Arroyo. En cuanto a los codemandados, el Sr. Eliezer Crespo Quiñones y el Fideicomiso Crespo-Quiñones, la desestimación fue **sin perjuicio**.

En desacuerdo con el dictamen del foro primario, el Fideicomiso Crespo-Santiago presentó una *Reconsideración* de la sentencia emitida.[33] En ella, cuestionaron la desestimación con perjuicio de la demanda en cuanto a la Sra. Gutiérrez del Arroyo, reiteraron sus argumentos y ofrecieron, en la alternativa, que la desestimación en cuanto a la Sra. Gutiérrez del Arroyo fuera sin perjuicio. Sin someterse a la jurisdicción del TPI, la Sra. Gutiérrez del Arroyo presentó su *Réplica a Reconsideración*.[34] Evaluadas las mociones, el foro primario declaró No Ha Lugar la reconsideración presentada por el Fideicomiso Crespo-Santiago.[35]

Aun inconforme con la determinación del TPI, el Fideicomiso Crespo-Santiago acude ante este Tribunal, mediante el recurso de epígrafe, y apunta los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda con perjuicio a favor de la parte apelada por incumplimiento a la Regla 4.3 de Procedimiento Civil sin considerar que la parte apelada se sometió tácitamente a la jurisdicción del Tribunal.

> Erró el Honorable Tribunal al no ordenar la expedición del emplazamiento por edicto según establece la Regla 4.6(a) de Procedimiento Civil de Puerto Rico luego de que un alguacil del tribunal certificara el diligenciamiento negativo dentro de los 120 días para emplazar y ante una demanda de la cual se desprende que existe una reclamación que justifica la concesión de algún remedio.
> Erró el Honorable Tribunal al determinar que la parte apelante incumplió en dos ocasiones con los términos que establece la Regla 4.3 de Procedimiento Civil y al desestimar la demanda con perjuicio a favor de la parte apelada, Kelly Gutiérrez del Arroyo.

---

[33] Apéndice, págs. 159-167.
[34] Apéndice, págs. 168-175.
[35] Véase, la entrada Núm. 18 (*Orden*), del expediente digital del Caso Núm. SJ2023CV05212 en el SUMAC.

El 26 de diciembre de 2023, la Sra. Gutiérrez del Arroyo compareció mediante *Solicitud de Desestimación por Falta de Jurisdicción.* Señaló que la moción de reconsideración presentada ante el TPI por el Fideicomiso Crespo-Santiago no interrumpió el término prescriptivo para apelar, pues no cumplieron con los criterios de la Regla 47 de Procedimiento Civil, ya que presentaba los mismos argumentos que presentaron en la oposición a la solicitud de desestimación por falta de emplazamiento. Mediante *Resolución* emitida el 19 de enero de 2024, declaramos No Ha Lugar la solicitud de la Sra. Gutiérrez del Arroyo y ordenamos presentar su alegato en oposición al recurso.

En cumplimiento con lo anterior, el 25 de enero de 2024, la Sra. Gutiérrez del Arroyo compareció mediante *Escrito en Cumplimiento de Orden y/o Alegato en Oposición a Recurso de Apelación.*

Contando con la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El emplazamiento es un mecanismo procesal que tiene como propósito notificar al demandado sobre la existencia de una reclamación incoada en su contra.[36] Asimismo, este método de notificación permite al tribunal adquirir jurisdicción sobre la persona demandada de forma tal que esta quede obligada por el dictamen que en su día recaiga.[37]

Cabe señalar que, la parte demandante tiene la obligación de dar cumplimiento estricto a los requerimientos del emplazamiento, incluso su diligenciamiento, ya que existe una política pública que

---

[36] *Rivera Marrero v. Santiago Martínez*, 203 DPR 462 (2019); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018).
[37] *Rivera Marrero v. Santiago Martínez,* supra*.

requiere que la parte demandada sea emplazada y notificada debidamente para evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley.[38] De manera que, para que el tribunal adquiera jurisdicción sobre todas las partes es indispensable que estos sean emplazados conforme a derecho.[39]

En nuestro ordenamiento procesal, un tribunal adquiere jurisdicción sobre la persona del demandado de dos maneras distintas: cuando se utilizan adecuadamente los mecanismos procesales de emplazamiento establecidos en las Reglas de Procedimiento Civil o cuando la parte demandada se somete voluntariamente a la jurisdicción del tribunal, explícita o tácitamente.[40] Es importante resaltar que, el emplazamiento personal se tiene que diligenciar por el alguacil o alguacila, o por cualquiera otra persona que no sea menor de dieciocho (18) años de edad, que sepa leer y escribir, y que no sea la parte ni su abogado o abogada, ni sus parientes dentro del cuarto grado de consanguinidad o segundo de afinidad, ni tenga interés en el pleito.[41]

En lo pertinente a la controversia, el tribunal podrá autorizar que el emplazamiento sea por edicto: cuando la persona a ser emplazada esté fuera de Puerto Rico; o estando en Puerto Rico no pudo ser localizada; o se oculte para no ser emplazada, en cuyo caso, el demandante tendrá que hacer constar, mediante una declaración jurada del emplazador, las diligencias que realizó para emplazar a la parte demandada. Como se sabe, de la referida declaración jurada o de la demanda también deberá surgir, que, existe una reclamación que justifique la concesión de algún remedio en contra de la persona

---

[38] *Íd.*
[39] *Íd.*
[40] *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 29 (2014).
[41] Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(a).

que ha de ser emplazada; o que dicha persona es parte apropiada en el pleito.[42] En particular, la citada regla establece que:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada **después de realizadas las diligencias pertinentes**, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, **y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias**, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto. La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto **se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo**, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, **al lugar de su última dirección física o postal conocida**, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.

(Énfasis nuestro).

**B.**

La Regla 10.2 de Procedimiento Civil[43], permite que un demandado en una demanda, reconvención, demanda contra coparte, o demanda contra tercero, solicite al tribunal la desestimación de las alegaciones en su contra. A tales efectos, la referida regla lee como sigue:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las

---

[42] Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6.
[43] 32 LPRA Ap. V, R. 10.2.

siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:

(1) falta de jurisdicción sobre la materia;
(2) falta de jurisdicción sobre la persona;
(3) insuficiencia del emplazamiento;
(4) **insuficiencia del diligenciamiento del emplazamiento;**
(5) dejar de exponer una reclamación que justifique la concesión de un remedio;
(6) dejar de acumular una parte indispensable.[44]

Por consiguiente, para disponer de una moción de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante.[45] La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación.[46]

Por lo tanto, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida.[47] Tampoco procede la desestimación de una demanda, si la misma es susceptible de ser enmendada.[48]

**III.**

En síntesis, en sus tres señalamientos de error, el Fideicomiso Crespo-Santiago aduce que el TPI erró al desestimar la demanda con perjuicio a favor de la Sra. Gutiérrez del Arroyo por incumplimiento con la Regla 4.3 de Procedimiento Civil. Además, que erró al no ordenar la expedición del emplazamiento por edicto y al determinar

---

[44] *Íd.*
[45] *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank,* 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA,* 189 DPR 1033, 1049 (2013).
[46] *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas PR,* 137 DPR 497, 505 (1994).
[47] *Pressure Vessels P.R. v. Empire Gas P.R.,* supra, pág. 505.
[48] *Colón v. Lotería,* 167 DPR 625, 649 (2006).

que estos incumplieron en dos ocasiones con los términos que establece la referida regla para el diligenciamiento de los emplazamientos. Por estar íntimamente relacionados, se discutirán en conjunto los señalamientos de error.

Para efectos de la discusión de los señalamientos de error, es importante hacer un recuento breve de los hechos que suscitaron la controversia ante nuestra consideración.

El Fideicomiso Crespo-Santiago presentó una **demanda** el 4 de marzo de 2019, **por desahucio**, en contra de la Sra. Gutiérrez del Arroyo y el Sr. Crespo Quiñones para reclamar el pago por el uso de una propiedad perteneciente al fideicomiso.[49] En el referido caso, las partes llegaron a un acuerdo transaccional el cual puso fin a la reclamación del Fideicomiso Crespo-Santiago.

Unos años más tarde, para el 22 de marzo de 2022, el Fideicomiso Crespo- Santiago presentó una **segunda demanda**, esta vez mediante el recurso del **interdicto preliminar, reclamando nulidad de escritura y daños y perjuicios**, en contra del Fideicomiso Crespo-Quiñones, la Sra. Gutiérrez del Arroyo y el Sr. Eliezer Crespo Quiñones.[50] Como parte de los procedimientos a seguir, los tres emplazamientos se expidieron el 28 de marzo de 2022. El 30 de marzo de 2022, el emplazador contratado por el Fideicomiso Crespo-Santiago diligenció los emplazamientos del Sr. Eliezer Crespo Quiñones y el del Fideicomiso Crespo-Quiñones. Sin embargo, no pudo diligenciar el de la Sra. Gutiérrez del Arroyo, por no poder ubicarla luego de realizar varias gestiones para ello. Por lo anterior, solicitaron al Tribunal la expedición del emplazamiento por edicto a la Sra. Gutiérrez del Arroyo. El foro primario así lo autorizó y el emplazamiento fue publicado el 5 de mayo de 2022 en el periódico El Vocero.

---

[49] SJ2019CV02123.
[50] SJ2022CV02362.

Indistintamente de lo anterior, y luego de pasados varios meses, el emplazamiento fue impugnado y el TPI determinó que no procedía la expedición del emplazamiento por edicto, al no dar credibilidad a la declaración jurada del emplazador. Por ello, ordenó volver a emplazar a la Sra. Gutiérrez del Arroyo. Al haber transcurrido ya el término para diligenciar el emplazamiento, el 30 de mayo de 2023, el Fideicomiso Crespo-Santiago presentó una **tercera demanda** por **incumplimiento de contrato, nulidad de escritura y daños y perjuicios**, en contra del Fideicomiso Crespo-Quiñones, la Sra. Gutiérrez del Arroyo y el Sr. Eliezer Crespo Santiago.[51] En la tercera demanda, solicitaron al Tribunal idénticas reclamaciones a la segunda demanda.

Los emplazamientos **fueron expedidos el 31 de mayo de 2023**, para el Fideicomiso Crespo-Quiñones, el Sr. Eliezer Crespo Santiago y la Sra. Gutiérrez del Arroyo. Luego de varios intentos para emplazar a la Sra. Gutiérrez del Arroyo, los apelantes acudieron a la Oficina de Alguaciles para solicitar ayuda en el diligenciamiento del emplazamiento. Así las cosas, el 13 de julio de 2023, la Alguacil Auxiliar del TPI, la Sra. Mildred Toro Colón presentó **un diligenciamiento negativo**, en el cual informó que la Sra. Gutiérrez del Arroyo se comunicó con el Tribunal para notificar que se encontraba fuera del país.

Ante este cuadro, y en vista de que no había movimiento en el caso, el 2 de octubre de 2023, la Sra. Gutiérrez del Arroyo, sin someterse a la jurisdicción del tribunal, solicitó la desestimación del caso, con perjuicio, alegando que no fue emplazada en ningún momento y que el término para ello había vencido el 28 de septiembre de 2023.

---

[51] SJ2023CV06212.

En reacción, el 3 de octubre de 2023, el Fideicomiso Crespo-Santiago presentó su oposición, en la cual explicaron que se hicieron las diligencias pertinentes para emplazar a la Sra. Gutiérrez del Arroyo pero que no tuvieron éxito en localizarla. Además, que no se podían considerar ambos casos (SJ2022CV02362 y SJ2023CV06212) como casos iguales, pues las causas de acción eran distintas. Por ello, solicitó emplazar por edicto a la Sra. Gutiérrez del Arroyo.

La Sra. Gutiérrez del Arroyo presentó su réplica a oposición del fideicomiso, en la cual reiteró sus argumentos de la oposición y enfatizó que el término para diligenciar el emplazamiento venció el 28 de septiembre de 2023, por lo que el TPI no tenía jurisdicción para conceder término adicional para emplazar por edicto. Señalaron que era la segunda vez que el Fideicomiso Crespo-Santiago dejaba vencer el término para emplazar, por lo que procedía la desestimación con perjuicio.

Luego de evaluadas las comparecencias de las partes, junto a sus alegaciones, el TPI determinó que el término para diligenciar el emplazamiento culminó el 28 de septiembre de 2023, por lo que correspondía la desestimación del caso con perjuicio en cuanto a la Sra. Gutiérrez del Arroyo. Coincidimos con la determinación del foro primario.

Conforme expusimos en la síntesis del tracto procesal, el emplazamiento para la Sra. Gutiérrez del Arroyo fue expedido el 31 de mayo de 2023. A pesar de las diligencias realizadas por el Fideicomiso Crespo-Santiago, el emplazamiento no fue diligenciado con anterioridad al 28 de septiembre de 2023, fecha en que el término de 120 días para diligenciar el emplazamiento vencía. No surge del expediente ante nuestra consideración, ni del SUMAC, que posterior al diligenciamiento negativo presentado por la Alguacil Auxiliar, se hayan realizado gestiones adicionales o que el

Fideicomiso Crespo-Santiago haya solicitado, con anterioridad a su vencimiento, el diligenciamiento del emplazamiento mediante edicto. El Fideicomiso Crespo-Santiago se limitó a esperar que la Sra. Gutiérrez del Arroyo compareciera solicitando la desestimación, para luego presentar su oposición y solicitar el emplazamiento por edicto.

En cuanto a la alegación del Fideicomiso Crespo-Santiago, de que la Sra. Gutiérrez del Arroyo se había sometido a la jurisdicción del Tribunal de manera voluntaria y que tenía conocimiento de la presentación de la demanda, no les asiste la razón. La moción para desestimar por falta de diligenciamiento del emplazamiento claramente especifica que se presentó sin someterse a la jurisdicción del Tribunal. Ello, no denota una actuación frívola y temeraria.

Nuestro Tribunal Supremo ha sido enfático y consistente en que el término para el diligenciamiento del emplazamiento es improrrogable[52], por lo que, en este caso, al vencer el término el 28 de septiembre de 2023, el TPI no tenía jurisdicción para extender el término prescriptivo de 120 días. Siendo así, la determinación del TPI es correcta, y no atisbamos error o abuso de discreción alguno en ella. Cónsono con la Regla 4.3(c) de Procedimiento Civil, cuando se trata de una subsiguiente desestimación y archivo por incumplimiento con el término para diligenciar el emplazamiento, ya sea personal o por edicto, lo que corresponde es la desestimación del pleito, con perjuicio. En lo específico, el artículo lee de la siguiente manera:

> (c) El emplazamiento será diligenciado en el **término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto**. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte

---

[52] *Bernier González v. Rodríguez Becerra*, supra.

demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos**.

Para concluir, coincidimos en que el TPI actuó correctamente al desestimar las alegaciones de la demanda, es decir, incumplimiento de contrato, nulidad de escritura y daños y perjuicios. En el caso que el Fideicomiso Crespo-Santiago pretenda presentar una reclamación en el foro primario, no lo puede hacer en contra de la Sra. Gutiérrez del Arroyo, pues la desestimación fue con perjuicio, lo que impide que se pueda presentar una nueva reclamación o demanda con las mismas partes (en este caso la Sra. Gutiérrez del Arroyo) y las mismas causas de acción.

## IV.

Por los fundamentos antes expuestos, confirmamos la *Sentencia* apelada.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones